UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES EDWARD O'KEEFE III; | Case No. 7:20-cv-06146-VB |
| Plaintiff, | FIRST AMENDED COMPLAINT |
| -against- | Jury Trial Requested |
| FEDERAL BUREAU OF INVESTIGATION; UNITED STATES OF AMERICA; | |
| Defendants. | |

Plaintiff James Edward O'Keefe III, by and through his attorney, Jered T. Ede, Esq., alleges as follows:

### SUMMARY OF THE CASE

1.  Plaintiff James Edward O'Keefe III ("O'Keefe") has never been convicted of a felony or any other crime punishable by more than one year of imprisonment. Despite this, the Federal Bureau of Investigation (the "FBI") has illegally placed Mr. O'Keefe on a federal watch list designed to preclude convicted felons from purchasing firearms by falsely claiming Mr. O'Keefe has in fact been convicted of a felony and has subsequently repeatedly, wrongfully, and without justification denied Mr. O'Keefe the ability to purchase a firearm. Mr. O'Keefe brings this action to seek an order requiring the FBI to remove Mr.

O'Keefe from this list as required by law under 18 U.S.C. § 925A and for compensatory damages for having been wrongfully on the list for over seven years.

## PARTIES

2. Plaintiff O'Keefe is an individual residing in the State of New York and is a citizen of the United States.

3. Defendant FBI is an agency of the federal government belonging to the United States Department of Justice that serves as both a criminal investigative body and maintains the NICS. The FBI's principal offices are located in the District of Columbia.

4. Defendant United States of America is the federal government which oversees the FBI.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1343(3) and (4) insofar as this matter is based upon and arises out of 18 U.S.C. §925A and 42 U.S.C. § 1983, and seeks to redress a violation of constitutional rights.

6. Venue is proper in the Southern District of New York as Plaintiff is a resident within the boundaries of the Southern District of New York, and at least one instance of the FBI's denial of Plaintiff's right to purchase a firearm occurred in the Southern District of New York. Moreover, this case is properly designated

for assignment to the White Plains courthouse pursuant to Local Rule 18 as Plaintiff is a resident of the Northern Counties (defined in the Local Rules as the Counties of Dutchess, Orange, Putnam, Rockland, Sullivan, or Westchester).

## STATEMENT OF FACTS

7. On July 26, 2020, and several times since, Plaintiff O'Keefe attempted to purchase a firearm from a licensed dealer within the State of New York. As part of the purchase, the dealer performed a background check on Mr. O'Keefe through the FBI's National Instant Criminal Background Check System ("NICS") which resulted in the FBI denying Mr. O'Keefe the ability to purchase a firearm. Mr. O'Keefe has since been repeatedly denied the ability to purchase a firearm due to the FBI's NICS denial.

8. When asked why the FBI has denied Mr. O'Keefe's ability to purchase a firearm, the FBI disclosed that Mr. O'Keefe is identified in the FBI's NICS list as a convicted felon, citing 18 U.S.C. § 922(g)(1). **This is patently false.** Mr. O'Keefe has never been convicted of a felony or any other crime defined by Section 922(g)(1).

9. Section 922(g)(1) provides that it is "unlawful for any person … who has been convicted in any court, of a crime punishable by imprisonment for a term exceeding one year" to purchase a firearm.

10. **Mr. O'Keefe has never been convicted by any court anywhere of any crime punishable by more than a year of imprisonment.**

11. Simply put, the FBI's placement of Mr. O'Keefe on the NICS deny list for felons is wholly and unequivocally improper and based on demonstrably false information. Notably, the FBI has not disclosed to Mr. O'Keefe what information it is relying on to place Mr. O'Keefe on its watch list.

12. The FBI has subsequently conceded Mr. O'Keefe never should have been put on the NICS denial list. Specifically, Mr. O'Keefe challenged the FBI's denial of his right to purchase a firearm and provided the FBI with the publicly available court documents establishing that Mr. O'Keefe has never been convicted of a felony or any other crime punishable by more than a year in jail.

13. The FBI responded within days by conceding that Mr. O'Keefe should not have been denied his right to purchase a firearm over the last seven years. Specifically, the FBI admitted that "based upon the documentation provided, we have been able to determine your client is eligible to possess or receive a firearm" and approved Mr. O'Keefe's July 26, 2020 attempted firearm purchase. Notably, all of the documentation provided by Mr. O'Keefe to elicit this admission from the FBI has been publicly available and accessible by the FBI for over seven years. Despite this, the FBI kept Mr. O'Keefe on the NICS denial list wrongfully for seven years, having apparently taken no steps to obtain or review that documentation or so much as even minimally verify the information in their NICS database as to Mr. O'Keefe. Had the FBI done so, Mr. O'Keefe would have been removed from the NICS denial list seven years ago.

14. Notably, though the FBI concedes Mr. O'Keefe is legally entitled to purchase a firearm and was wrongfully placed on the NICS list, the FBI only approved Mr. O'Keefe's July 26, 2020 attempted firearm purchase, and none of his subsequent attempts, apparently and inexplicably keeping Mr. O'Keefe on the NICS denial list to this day despite having admitted Mr. O'Keefe should not in fact be on that list.

## FIRST CAUSE OF ACTION

For Injunctive and Declaratory Relief

Pursuant to 18 U.S.C. §925A

15. Plaintiff incorporates the allegations contained in all other paragraphs as though fully set forth herein.

16. Plaintiff brings these claims pursuant to 18 U.S.C. §925A to seek an order directing (1) the FBI to remove the erroneous and false identification of James O'Keefe as a felon on the NICS; and (2) that James O'Keefe's purchase of a firearm be approved.

17. Under 18 U.S.C. §925A, any person denied a firearm under section 922(g)(1) due to "erroneous information relating to the person" in the NICS or who, in actuality, "was not prohibited from receipt of a firearm pursuant to section (g) ... of section 922, may bring an action against ... the United States... for an order directing that the erroneous information be corrected or that the transfer be approved, as the case may be."

18. In this instance, the FBI has maintained the NICS with erroneous information – namely, that Mr. O'Keefe has been convicted of a crime punishable by more than a year of incarceration when in fact he has never been convicted of any such crime.[1] Based upon this erroneous information, the FBI has repeatedly, wrongfully, and without legal or factual justification denied Mr. O'Keefe the

---

[1] While Mr. O'Keefe was convicted of a class B misdemeanor violation of 18 U.S.C. §1036 for allegedly entering a federal facility under false pretenses without the intent to commit a felony in 2010 pursuant to a plea agreement, such crime (entering under false pretenses without intent to commit a felony) is punishable by no more than six months of incarceration. 18 U.S.C. §1036(b)(2). See *United States of America v. James O'Keefe*, EDLA Case No. 2:10-cr-00081-SRD-DEK, Doc. Nos. 80-81. Thus, this conviction is not sufficient to trigger 18 U.S.C. §922(g)(1)'s bar on firearm ownership by anyone convicted of a crime punishable by incarceration of more than a year.

Yet, even if somehow 18 U.S.C. §1036(b)(2) were interpreted as to trigger section 922(g)(1)'s bar, that bar still does not apply to Mr. O'Keefe under 18 U.S.C. §921(a)(20). Section 921(a)(20) provides that the term "crime punishable by imprisonment for a term exceeding one year" as used in section 922(g)(1) expressly excludes "any conviction … for which a person … has had civil rights restored" under the "law of the jurisdiction in which the proceedings were held." Mr. O'Keefe's 2010 misdemeanor conviction occurred in the State of Louisiana. Under Article I, section 20 of the Louisiana Constitution, Mr. O'Keefe's full slate of civil rights are, as a matter of law, automatically restored upon the termination of his post-conviction probation/supervision. See *United States v. Dupaquier*, 74 F.3d 615, 618 (5th Cir. 1996) (recognizing the Louisiana Constitution's Article I, section 20, constitutes a restoration of civil rights which restores an individual's right to possess a firearm under 18 U.S.C. § 921(a)(20)). Here, Mr. O'Keefe's misdemeanor probation/supervision ended in 2013 (See *United States of America v. James O'Keefe*, EDLA Case No. 2:10-cr-00081-SRD-DEK, Doc. No. 81). As such, Mr. O'Keefe's full slate of civil rights were fully restored in 2013 under the Louisiana Constitution. Accordingly, Mr. O'Keefe's right to purchase a firearm, to the extent it was in fact suspended under 18 U.S.C. §922(g)(1) (which it was not), was fully restored in 2013 (more than seven years prior to the FBI denying Mr. O'Keefe's firearm purchase) under 18 U.S.C. § 921(a)(20).

In short, Mr. O'Keefe is entitled to be removed from the NICS denial list under any analysis of the facts of this case, and under any interpretation of his conviction.

ability to purchase a firearm as is his right to do under the Constitution of the United States of America.

19. This deprivation of Mr. O'Keefe's constitutional right is wholly improper and, absent judicial intervention, will continue in perpetuity.

20. Whereas Mr. O'Keefe has never been convicted of any crime which would trigger 18 U.S.C. § 922(g)(1)'s bar on firearm ownership (and where any such bar that may have existed has been lifted as a matter of law under 18 U.S.C. §921(a)(20)), Mr. O'Keefe seeks an order from this Court directing the FBI (1) to correct the NICS to notate that Mr. O'Keefe is not barred from purchasing a firearm under section 922(g)(1); and (2) to approve Mr. O'Keefe's purchase of a firearm.

21. Pursuant to 18 U.S.C. § 925A, Mr. O'Keefe further seeks an award of reasonable attorneys' fees and court costs against the FBI for having been required to bring this lawsuit.

## SECOND CAUSE OF ACTION

For Violation of 42 U.S.C. § 1983

22. Plaintiff incorporates the allegations contained in all other paragraphs as though fully set forth herein.

23. As discussed more fully above, the FBI has maintained the NICS with patently and demonstrably false information claiming that Mr. O'Keefe had been convicted of a crime punishable by more than one year incarceration under

18 U.S.C. § 922(g)(1) when in fact Mr. O'Keefe has never been convicted of any such crime, and when, even as to Mr. O'Keefe's 2010 misdemeanor conviction, Mr. O'Keefe's full civil rights have been restored such as to exempt him from section 922(g)(1)'s bar on ownership of a firearm pursuant to 18 U.S.C. § 921(a)(20). The FBI's continued, repeated, wrongful, and unjustified denials of Mr. O'Keefe's right to purchase a firearm were executed in reckless disregard of Mr. O'Keefe's constitution right to purchase a firearm afforded him under the Second Amendment of the United States Constitution. The FBI issued such denials without any factual or legal justification despite knowing (or, at a minimum, the FBI should have known) that Mr. O'Keefe was not in fact barred from purchasing a firearm under 18 U.S.C. § 922(g)(1).

24. As a direct and proximate result of the FBI's actions as alleged herein, Mr. O'Keefe was wrongfully deprived of his right to purchase a firearm for years and has sustained damages to be proven at trial including, but not limited to the cost of personal security, attorneys' fees, costs, and such other damages as this Court deems appropriate.

25. Moreover, as demonstrated by the FBI's nearly immediate admission that court documentation publicly available to the FBI proves that Mr. O'Keefe should not have been on the NICS denial list and is entitled to purchase a firearm, the FBI's denial of Mr. O'Keefe's attempted firearm purchases was reckless, callously indifferent to the federally protected rights of Mr. O'Keefe,

and/or motivated by malicious intent. The FBI's August 14, 2020 admission is, effectively, an admission that the FBI should have removed Mr. O'Keefe from the NICS list seven years ago. It did not. Accordingly, Mr. O'Keefe respectfully prays for punitive damages under 42 U.S.C. §1983. *Smith v. Wade*, 461 U.S. 30 (1983), *Basista v. Weir*, 340 F.2d 74 (3rd Cir. 1965).

## PRAYER FOR RELIEF

WHEREFORE, by virtue of the above allegations, Plaintiff James O'Keefe demands judgment against the Defendant and prays for relief as follows:

1. For an order from this Court directing the FBI (1) to correct the NICS to notate that Mr. O'Keefe is not barred from purchasing a firearm under section 922(g)(1); and (2) to approve Mr. O'Keefe's purchases of firearms;

2. For an award of compensatory and punitive damages under 42 U.S.C. §1983;

3. For an award of reasonable attorneys' fees and costs pursuant to 18 U.S.C. § 925A and 42 U.S.C. §1983; and

4. For such other relief as this Court deems just.

## JURY DEMAND

Plaintiff demands a jury trial in this action on each and every cause of action.


Dated: August 25, 2020

LAW OFFICE OF JERED T. EDE

Jered T. Ede, Esq. (Pro Hac Vice)
CA State Bar No. 273440
TX State Bar No. 24100267
1214 W. Boston Post Road, No. 148
Mamaroneck, NY 10543
jered@jtede.com
(p) 914-758-2938